**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-00126-RMR

SHOKHRUKH KHASANOV,

     Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD LYONS, Acting Director of ICE;
PAMELA BONDI, U.S. Attorney General;
ROBERT HAGAN, Field Office Director of Enforcement and Removal Operations,
Denver Field Office, Immigration and Customs Enforcement[1];
Warden of the Denver Contract Detention Facility (Aurora),

     Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, and Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction ("TRO"), ECF No. 2. Respondents filed a Consolidated Response, ECF No. 9, and Petitioner filed a Reply, ECF No. 12. The Court has reviewed the Petition, the related briefing, and the applicable case law. For the reasons stated below, the Court **GRANTS** the relief requested.

---

[1] The Court notes that George Valdez was substituted for Robert Hagan as Acting Denver Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement pursuant to Fed. R. Civ. P. 25(d) in the Respondent's Response (ECF No. 9).

## I.    BACKGROUND

Petitioner is a citizen of Uzbekistan who entered the United States without inspection on October 7, 2021 near Florence, Arizona. ECF No. 1 ¶ 2. On that same day, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody. *Id.* ICE released Petitioner from custody on October 23, 2021 pursuant to an Interim Notice Authorizing Parole and Notice of Custody Redetermination and was paroled into the United States via Section 212(d)(5)(A) of the Immigration and Naturalization Act ("INA"). *Id.* ¶¶ 3-4. After finding that he did not pose a danger or flight risk, ICE released Petitioner on his own recognizance. *Id.* ¶ 4. Petitioner was not issued a Notice to Appear ("NTA"). *Id.* ¶ 5. On February 3, 2022, he filed an asylum application (Form I-589) with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 6. According to Respondents, USCIS closed Petitioner's asylum application on June 13, 2025. ECF No. 9 at 3.

Since his release on October 23, 2021, Petitioner has lived in Pennsylvania. ECF No. 1 ¶ 7. He has a stable residence, stable employment, and ties with his community. *Id.* He has an United States citizen girlfriend and United States citizen three-month-old daughter. *Id.* He has no criminal history and does not pose a danger to the community. *Id.*

On December 28, 2025, Petitioner was driving his truck and pulled over on the highway due to mechanical issues with the vehicle. *Id.* ¶ 8. This led to an encounter that resulted in him being taken back into ICE custody. *Id.* Petitioner was re-detained at Denver Contract Detention Facility. *Id.* ¶ 9. He was not provided with notice as to why his

parole was revoked, why he was being re-detained, or provided with a hearing before a neutral arbiter prior to being re-detained. *Id.*

On January 6, 2025, Petitioner had a bond hearing before an Immigration Judge ("IJ"). *Id.* ¶ 10. The IJ denied his bond redetermination purely on jurisdictional grounds, because he was in the United States without inspection. *Id.* The IJ did not make any findings as to changed circumstances, danger or flight risk. *Id.*

## II.    LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

3

### III.    ANALYSIS

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 18-26, seeking immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it is premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to re-detention and requests the Court "[i]ssue a writ of habeas corpus requiring Respondents release Petitioner immediately and permanently enjoining his re-detention absent written notice and a hearing *prior* to re-detention." *Id.* at 25. Respondents contend Petitioner's parole has terminated and he is "once again subject to mandatory detention under § 1225(b)—just as he was when he was initially detained at the border." ECF No. 9 at 2.

#### A.  Petitioner is subject to discretionary detention under § 1226(a)

Respondents argue that Petitioner is an applicant for admission subject to § 1225(b) detention, because he was apprehended shortly after crossing the border and currently in removal proceedings. *Id.* at 2-3. The Court reiterates its analysis in *Mendoza Gutierrez* determining that 8 U.S.C. § 1225(b) applies to noncitizens "seeking admission" and inspected while trying to enter the country. *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-*9 (D. Colo. Oct. 17, 2025) (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years"). Respondents suggest that "Petitioner's parole into the United States was not any form of 'admission' and, upon termination of the parole, he

was back to the same status as he was when he was released on parole: subject to mandatory detention under § 1225(b)." ECF No. 9 at 7.

Respondents assert that Petitioner's release on his own recognizance does not change the applicability of him to § 1225(b)(2)(A), because "parole of a noncitizen applying for admission to the United States shall not be regarded as an admission of the alien" pursuant to 8 U.S.C. § 1182(d)(5)(A). ECF No. 9 at 6-7. Respondents rely on Judge Crews' analysis in *Cf. Depelian v. Baltazar, et al.*, No. 25-cv-3765-SKC-TPO, ECF No. 18, at 8-9 (D. Colo. Jan. 20, 2026). In *Depelian*, Judge Crews reasoned that after his parole was terminated, the *Depelian* petitioner returned to status of "applicant for admission" or "arriving alien." *Depelian*, No. 25-cv-3765-SKC-TPO, ECF No. 18 at 8. However, the Court also notes Judge Sweeney's reasoning in a similar case that "[o]ther courts considering habeas petitions against substantially similar backgrounds have concluded that paroled petitioners who go on to live in the United States have been released on their own recognizance, and therefore that § 1226, rather than § 1225, applies." *Buitrago Murzi v. Noem, et al*, No. 26-cv-00359-CNS, ECF No. 14 at 2-3. Here, Petitioner was granted parole through an "Interim Notice Authorizing Parole" pursuant to ICE's authority under INA § 212(d)(5)(A). Even so, the Court is not persuaded that the termination of his parole automatically reverted Petitioner's status as an applicant "seeking admission" into the United States. Instead, the Court holds firm in its interpretation that § 1225(b) only applies to noncitizens seeking admission and inspected

while trying to enter the country. [2] *See also Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *5 (2d Cir. Apr. 28, 2026) ("In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *id.* at *13 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A).").

## B.  Due Process violations compel Petitioner's release

Under 8 C.F.R. § 212.5(e)(2)(ii), "[p]arole shall be automatically terminated, if not departed, at the expiration of the time for which parole was authorized." Petitioner's Interim Notice Authorizing Parole states "Your parole authorization is valid for one year beginning from the date on this notice and will automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion." ECF No. 12-1 at 1. Therefore, ICE

---

[2] *Compare* ECF No. 1 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

was not required to notify him of his parole termination under 8 C.F.R. § 212.5(e)(2)(i). Even so, for the reasons stated above, the Court finds Petitioner is improperly detained under § 1225(b) and was denied his due process right to a § 1226(a) bond hearing.

## IV.    CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall transport Petitioner, at their own expense, back to Pennsylvania and release him there from federal detention **by close of business Tuesday, May 5, 2026** and may not impose any additional conditions of release or supervision;

3. Respondents shall file a status report **by close of business Thursday, May 7, 2026** to certify compliance; and

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof; and

5. In light of the Court's ruling on Petitioner's Petition, Petitioner's TRO, ECF No. 2, is **DENIED AS MOOT**.

7

DATED: May 4, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge